J. E. JEFFERSON, PLAINTIFF IN ERROR, *v.* THE PEOPLE OF THE STATE OF NEW YORK, DEFENDANTS IN ERROR.

*Excise law — indictment for a violation of it — when the offense is sufficiently charged in the indictment.*

WRIT OF ERROR to the Court of Session of Wyoming county.

The plaintiff in error was convicted of violating the excise law, and sentenced to pay a fine of fifty dollars, to stand committed until it was paid, not to exceed however one day for each dollar of said fine.

The plaintiff in error was indicted and convicted for selling strong and spirituous liquors and wines by retail to be drank on the premises, in quantities less than five gallons, without having a license therefor as an inn, tavern or hotel keeper.

Evidence was given upon the trial " tending to show that on or about the 3d of May, 1881, at the town of Attica, in the county of Wyoming, the defendant sold strong and intoxicating liquors, in quantities less than five gallons, *to be drank* on his premises, in Attica aforesaid, and that the same were so drank on his premises."

It was admitted that he had a license to sell strong and spirituous liquors in quantities less than five gallons, *not* to be drank upon the premises, known as a storekeeper's license.

A motion was then made to quash the indictment, because it did not state facts constituting a crime, and because it did not state the exception provided for by the law of 1869, authorizing the sale of ale and beer to be drank upon the premises of a person licensed under that statute.

The court at General Term said : " Undoubtedly the act of 1869 (ch. 856), is to be read with and construed with the excise law of 1857. (Ch. 628.) (*People* v. *Smith*, 69 N.Y., 176 ; *O'Rourke* v. *The People*, 3 Hun. 225.) But the omission to refer to the act of 1869, in the fourth count of the indictment, was not an error which should lead us to hold the indictment invalid.

If the plaintiff in error could bring himself within the provisions of the act of 1869, he should do so by proof. (*Fleming* v. *The People*, 27 N. Y., 329.)

Sufficient evidence was given, we must assume, to warrant the verdict of the jury, and as the case contains no evidence of any valid defense, we should sustain the verdict.

*E. M. Bartlett*, for the plaintiff in error.

*I. Samuel Johnson*, district-attorney, for the people.

Opinion by HARDIN, J. ; SMITH, P. J., and HAIGHT, J., concurred.

Conviction and judgment affirmed, and case remitted to the Court of Sessions of Wyoming county, with directions to proceed thereon.